DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS J. WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 17-CR-00180 RS |
| Plaintiff, | ) UNITED STATES' SENTENCING MEMORANDUM |
| v. | ) Hearing Date: January 7, 2020 |
| ANTOINE LAMAR FOWLER, | ) Time: 2:30 p.m. |
| Defendant. | ) |

## I. INTRODUCTION

The Government respectfully submits this sentencing memorandum regarding defendant Antoine Lamar Fowler, who is before the Court for sentencing for a violation of 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm. For the reasons set forth below, the United States joins the Probation Department in requesting that the Court impose the following sentence: (1) 46 months incarceration; (2) three years supervised release with the conditions set out in the Presentence Investigation Report ("PSR"); (3) a $100 mandatory special assessment; and, (4) forfeiture of one Glock 17 9mm pistol, bearing serial number BMP254US, and all magazines and ammunition in or seized with the handgun on or about February 2, 2017.

A sentence at the low end of the Guidelines is appropriate because Mr. Fowler – even after serving six years in custody for a state firearm offense – was caught once again in possession of a firearm, this time a pistol with an extended magazine. This case is complicated by the uncertainty regarding how Mr. Fowler came to possess the handgun – either by consent, theft, or some other means – but that complication is no reason for a downward variance in his favor, just as it was not for his co-defendant, former Deputy Sheriff April Myres. Mr. Fowler's violent criminal history, in particular domestic violence, underscores the reason he should not have possessed a firearm at all, let alone one owned by the San Francisco Sheriff's Department ("SFSD"). And while the case is also complicated by the nature of Mr. Fowler's relationship with Deputy Myres, which the United States believes warrants consideration, the nature of the relationship does not justify the downward variance sought by Mr. Fowler. Instead, as described below, after a careful assessment of the relationship, the Court should impose the low-end Guidelines sentence recommended by both the Probation Office and the United States.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Antoine Fowler was housed in the San Francisco County Jail ("SFCJ") from February 27, 2010, until his release on January 11, 2016, serving a 12 year sentence for a violation of California Penal Code Section 12280(a)(1) (Manufacture, Transport, Sell, or Possess an Assault Weapon). See PSR ¶ 8. While there, Mr. Fowler began a romantic – and illegal – relationship with SFSD Deputy Myres. See id. ¶ 9.

On January 11, 2016, Mr. Fowler was released from SFCJ and immediately went to Deputy Myres' home in San Francisco where he lived until about March 24, 2016. See PSR ¶¶ 10, 14, and 16. On March 25, 2016, Deputy Myres filed a report with the San Francisco Police Department stating her residence had been burglarized and many items had been stolen, including her SFSD-issued Glock 17 9mm pistol. See id. ¶ 11. On May 4, 2016, Ms. Myres submitted an insurance claim to Farmers Insurance by mail and later followed up by facsimile. See id. ¶ 15.

Almost a year after the so-called burglary, on February 2, 2017, Mr. Fowler was arrested in possession of Deputy Myres' SFSD-issued Glock 17 9mm pistol. See PSR ¶ 17.

UNITED STATES' SENTENCING MEMORANDUM
Case No. 17-CR-00180 RS

On April 11, 2017, Mr. Fowler and Deputy Myres were indicted in the Northern District of California. See PSR ¶ 1. Mr. Fowler, based on his prior criminal history, was charged in Count Three with being a felon in possession of a firearm, in violation of Section 922(g)(1) of Title 18 of the United States Code. See id.

On May 15, 2019, Mr. Fowler pleaded guilty to County Three of the indictment. See PSR ¶ 2.

On June 26, 2019, a jury convicted Deputy Myres of mail and wire fraud for her fraudulent submissions to Farmers Insurance. See PSR ¶ 6. On November 19, 2019, Deputy Myres was sentenced to 14 months custody and three years of supervised release. See id.

Sentencing is set for January 7, 2020, at 2:30 p.m. See PSR ¶ 2. The United States' Sentencing Memorandum is therefore filed in compliance with Local Rule 32-5(b).

### III. ARGUMENT

#### A. Comments on the Presentence Investigation Report

All of the United States' objections to the Preliminary PSR have been incorporated into the PSR.

#### B. Sentencing Guidelines Calculations

The United States agrees with the offense level and criminal history calculations in the PSR, which result in a Total Offense Level of 17 (taking into account Mr. Fowler's acceptance of responsibility) and a Criminal History Category of V. See PSR ¶¶ 24-34, 35-41.

The Guidelines imprisonment range for an offense level of 17 and a criminal history category of V is 46 to 57 months. See PSR ¶ 73; U.S.S.G. Sentencing Table.

#### C. Analysis of Section 3553(a) Factors

A 46 month sentence, which falls at the bottom of the Guidelines imprisonment range, is appropriate because it takes into account the various considerations set out in Section 3553(a) of Title 18 of the United States Code. Worth singling out for discussion in this case are the following factors: (1) the history and characteristics of the defendant; (2) the need to protect the public from further crimes from the defendant (specific deterrence); and, (3) the nature and circumstances of the offense.

Foremost, with regard to the history and characteristics of the defendant, Mr. Fowler deserves a lengthy sentence for his conduct because of his lengthy criminal history. Indeed, the Guidelines

calculation, if anything, understates Mr. Fowler's criminal history, even though it results in a Criminal History Category of V.  His convictions detailed in the PSR stretch back at least 13 years, beginning when he was only 21 years old.  See PSR ¶¶ 37-40. Moreover, Mr. Fowler's most recent incarceration – a 12-year state sentence served at half-time in the SFCJ – placed Mr. Fowler in custody for a significantly longer period than the sentence proposed here.  See PSR ¶ 40.  Balanced against his criminal history is Mr. Fowler's recent – albeit after a rocky start – compliance with his terms of pretrial release and apparent movement toward becoming a productive member of society through his successful full-time employment.  Compare PSR ¶ 5 with ¶ 66.  Mr. Fowler should receive some credit for his recent behavior.  A sentence of 46 months, in conjunction with the other factors discussed herein, balances Mr. Fowler's criminal past with his more recent behavior.

Second, Mr. Fowler's criminal history also reveals two important facts: (1) his penchant for domestic violence, and, (2) this is not his first firearm conviction.  At least two of Mr. Fowler's convictions stem from intimate partner offenses, one for stalking and one for violating a protective order by physically abusing his partner. See PSR ¶¶ 37 and 39. These offenses are troubling, as they reveal Mr. Fowler as a man prone to anger such that he cannot conform his conduct to expected norms. Certainly the evidence adduced at Deputy Myres' trial supports such a conclusion.  Second, in 2010, Mr. Fowler was convicted of violating California Penal Code Section 12280(a)(1) (Manufacture, Transport, Sell, or Possess an Assault Weapon), a firearm offense that should have put Mr. Fowler on fair notice that his days of wielding guns were over.  Section 3553(a) cites as a factor in sentencing the need to protect the public from further crimes from the defendant. The public is fortunate that Mr. Fowler did not seriously injure or kill someone while he was in possession of Deputy Myres' pistol for nearly a year. The public should be protected against Mr. Fowler acquiring yet another firearm and committing yet another violent offense.  A sentence of 46 months will serve as specific deterrence and is therefore appropriate to protect the public from Mr. Fowler.

Third, and finally, the nature and circumstances of this offense are complicated and deserve careful consideration.  On the one hand, Mr. Fowler, a felon with a penchant for domestic violence offenses and firearm possession, was at large with a firearm in the community for nearly a year.  On the other hand, Mr. Fowler's involvement in the circumstances of this incident began with a crime.  That is,

Deputy Myres' relationship with Mr. Fowler while he was under her supervision as a deputy sheriff so stinks of uneven power relationships that the state has made it a crime. See Cal. P.C. § 289.6 (Sexual Activity with Confined Consenting Adult). It is a situation not unlike what is colloquially known as "statutory rape," in which the state determines that the power dynamic is so uneven that a minor, or in this case, a prisoner, cannot fairly consent to a sexual relationship. Here, it is not clear that Mr. Fowler could have declined Deputy Myres' romantic overtures.

Deputy Myres' reprehensible behavior in taking advantage of her power over Mr. Fowler, however, does not excuse Mr. Fowler from his crime, as her actions, his status, and the crime for which he is before the Court for sentencing are not squarely in conflict. There is nothing about Deputy Myres' actions that required Mr. Fowler to take possession of her SFSD-issued firearm. In short, Mr. Fowler could have avoided possessing her firearm, particularly after their relationship ended, but he made the decision to possess her pistol, with an extended magazine that he apparently did not obtain from Deputy Myres, nonetheless. Mr. Fowler could have gotten rid of the pistol at any time between the time of the so-called burglary in March 2016 and his eventual arrest in February 2017, but he did not. Mr. Fowler could have turned in the weapon to the police at any time, but he did not. Mr. Fowler could have kept the pistol unloaded and locked in a safe place rather than loaded with an extended magazine in his car, but he did not. Mr. Fowler instead made a deliberate and criminal decision to possess the firearm for his own purposes for nearly a year after the end of his relationship with Deputy Myres, and as a result, whatever influence she had over him ultimately dissipated such that his sentence should fall within the guidelines range. A downward variance is not warranted, although a sentence at the bottom of the Guidelines imprisonment range is warranted.

In the end, the United States determines that a careful assessment of the all of the above factors results in a just sentence of 46 months incarceration.

## IV. CONCLUSION

For the reasons set forth above, the United States joins the Probation Department and respectfully requests that the Court sentence defendant Antoine Lamar Fowler to: (1) 46 months incarceration; (2) three years supervised release with the conditions set out in the Presentence

1  Investigation Report ("PSR"); (3) a $100 mandatory special assessment; and, (4) forfeiture of one Glock
2  17 9mm pistol, bearing serial number BMP254US, and all magazines and ammunition in or seized with
3  the handgun on or about February 2, 2017.
4     Such a sentence is just and mete.
5  DATED:  December 31, 2019                    Respectfully submitted,
6                                               DAVID L. ANDERSON
                                                United States Attorney
7
8                                                  /s/ Laura Vartain Horn
9                                               LAURA VARTAIN HORN
                                                NICHOLAS J. WALSH
10                                              Assistant United States Attorneys