United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTOINE FOWLER,<br><br>  Defendant. | Case No. 17-cr-00180-RS-2<br><br>**ORDER DENYING REDUCTION OF SENTENCE** |

## I. INTRODUCTION

Defendant Antoine Fowler was convicted of being a felon in possession of a gun. He was sentenced to a below-guidelines term of 30 months incarceration, of which he has served about 7 months. He now moves to reduce this sentence to include no further incarceration, for three reasons. First, because he is at increased risk of developing severe COVID; second, because incarceration during COVID is worse than in pre-pandemic times; and third, because he has been rehabilitated. None of those argument carries the day. There is some increased risk of his being exposed to COVID due to his confinement, and he has conditions that increase his risk of severe disease. However, he has already been infected and vaccinated, so the risk of his developing severe disease compared to those in the outside world is not significant enough to justify release, nor is the effect of COVID on conditions of imprisonment. His possible rehabilitation is also not grounds for a reduction in sentence. For these reasons set out in detail below, the motion is denied.

## II. BACKGROUND

Fowler was convicted of being a felon in possession of a gun. He had previously been convicted of transporting an assault weapon, along with other crimes including stalking, burglary by using another's credit card, violating a protective order, and obstructing a police officer. While incarcerated, he met the co-defendant, April Myres, and they became romantically involved. Myres committed insurance fraud by submitting a false claim that her home had been burglarized, and someone had taken a county-issued pistol. FBI agents later found the missing pistol in Fowler's vehicle. He was sentenced to a below-guidelines term of 30 months imprisonment and three years supervised release. His self-surrender was delayed by about a year due to the COVID pandemic, and he began his term on March 19, 2021. He has served about one quarter of his sentence. Both sides concede he met the exhaustion requirement by requesting release from the warden.

Fowler complains of several medical conditions, including headaches, obesity, and asthma, exacerbated by a history of smoking. (The government points out he did not mention these to the probation office before his sentencing.) In his reply, Fowler also adds high blood pressure and pre-diabetes to the list. While his self-surrender was being delayed, Fowler developed a hernia, and tested positive for COVID twice in 2020. Fowler notes these conditions increase the risk of severe COVID, and being imprisoned increases the risk of contracting the disease. The government responds that the death rate from COVID in BOP facilities has been comparable to the outside world.[1] Despite his concerns about COVID, Fowler declined vaccination for the virus in April, although he has since been fully vaccinated. Still, Fowler notes even vaccination cannot guarantee he will not contract COVID. For its part, the government states there is currently only one case of

---

[1] They are comparable only in that the two can be compared, as anything can be compared: they are not actually comparable. During the first year of the pandemic, the death rate in BOP facilities was about 250% higher than in the outside world, comparable to other prison systems. Marquez et al., *COVID-19 Incidence and Mortality in Federal and State Prisons Compared With the US Population*, *April 5, 2020, to April 3, 2021*. Journal of the American Medical Association. Published online October 06, 2021; Robin Toblin and Liesl Hagan, *COVID-19 Case and Mortality Rates in the Federal Bureau of Prisons*. 61(1) Am. J. Preventive Medicine 120-123 (2021).

COVID at the prison where Fowler is incarcerated. Defense counsel, on the other hand, writes that there had been 61 cases this month, and 102 the last month, citing a court-ordered inspection of the facility relating to an ongoing lawsuit.

Fowler claims he has been rehabilitated in prison. He will have a stable living environment with his mother in her home, and strong family support, should he be released. He has employment opportunities through his family, Uber, and his possession of a Class B commercial driver's license. Fowler promises he will not abuse drugs, despite his failing drug tests while on bail in the past. He says he has been sober since April 2019. He also notes the presentence report characterized him as neither a flight risk nor a danger to the community. Finally, Fowler points to his good behavior in prison, where he has completed programs to encourage productive, drug-free living, and works part time in the kitchen.

Fowler's cause is also advanced by letters of support, particularly from the mothers of his children, who writes movingly of the good they have seen in him, and what his support as a free man would mean to them and their children. His sister also wrote a letter in support of his release, as did some friends.

### III. LEGAL STANDARD

A sentence can be reduced under 18 U.S.C. § 3582(c)(1)(A) if, after considering the factors set forth in section § 3553(a), there are extraordinary and compelling reasons which warrant a reduction, or the defendant is at least 70 years old and has served at least 30 years in prison, the reduction follows applicable policy statements issued by the Sentencing Commission. *See, e.g.*, *United States v. Reid*, No. 17-cr-00175-CRB-1, 2020 WL 2128855, at *1–2 (N.D. Cal. May 5, 2020). Defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release to be granted. *See United States v. Shabudin*, No. 11-CR-00664-JSW-1, Dkt. 571 (N.D. Cal. May 12, 2020). The § 3553(a) factors that must be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the

public from further crimes of the defendant[.]"

## IV. DISCUSSION

Fowler's case for why he should be released boils down to three parts. First, he claims he is at higher-than-average risk for severe COVID. Second, he argues being incarcerated during COVID is worse than during normal times. Third, he contends he has been rehabilitated in prison, and will be a good member of society once released. None of these arguments is convincing.

### A. COVID

Fowler is no longer at much higher risk for contracting severe COVID than he would be if he was released. Soon after submitting his motion, he was fully vaccinated, building on his prior immunity from his infection. (Some judges have held this natural immunity alone is enough to make compassionate release not justified for otherwise high-risk inmates. *See United States v. Pavao-Kaaekuahiwi*, 2020 WL 7700097, at *3 (D. Haw. Dec. 28, 2020).) Vaccinating was a commendable choice, but it undercuts his claim that he is at higher risk for severe COVID.[2] While the government's characterization of BOP's performance during the pandemic is too rosy, post-vaccination, the risk compared to the outside world is not different enough to justify release. Fowler's risk of contracting COVID does not present any "extraordinary and compelling" circumstance; there is no serious medical condition that diminishes Fowler's ability to provide self-care within prison. U.S.S.G. § 1B1.13 app. note 1(A)(ii). The government cites a long list of cases supporting this proposition. Opp. Brief at 10-11, Dkt. No. 346. This holds even after the spread of the Delta variant.

The effect of COVID on the experience of being imprisoned is no doubt a relevant factor to consider. Yet, while there are more lockdowns because of COVID, among other impacts, this is not an extraordinary enough reason to compel release. This is particularly true as the impact should lessen as the public health situation improves over the rest of his term, even if temporary

---

[2] This is not to say refusing vaccination is a get out of jail free card: assuming no legitimate exception applies, it would not be convincing for an unvaccinated person to claim their choice entitles them to release.

ORDER DENYING REDUCTION OF SENTENCE
CASE NO. 17-cr-00180-RS-2
4

setbacks may occur.

### B. Rehabilitation

Fowler's other argument relative to rehabilitation is also insufficient. At the outset, the government disputes he has been rehabilitated. It argues he is still a danger to the community, basing its conclusion on several factors. First, it notes he has a long criminal history, and several of his offenses are domestic violence incidents which reveal trouble with impulse control. Second, it argues his firearms offenses means he still poses a risk of committing another firearms offense. While not dispositive, these arguments are entitled to some weight.

Moreover, rehabilitation in itself is not enough for early termination, as Fowler acknowledges. Reply at 1, Dkt. No. 347, citing 28 U.S.C. § 994(t). Certainly, it is a positive that he has been sober for over two years now, and that he has not had any disciplinary incidents in prison.[3] His chances of reintegrating into society are also encouraging, thanks to the support of family and his commercial driver's license. The promise of rehabilitation alone, however, is no reason for early termination of a sentence. Otherwise, sentences would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. 18 U.S.C. § 3553(a). If he continues to do well in prison, Fowler will be released in about a year and a half. All the assets he has now will serve him well when he is released, on schedule.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion is denied.

**IT IS SO ORDERED**.

Dated: November 3, 2021

---

[3] Fowler points out that post-sentencing conduct is most relevant when considering resentencing. *Pepper v. United States*, 562 U.S. 476 (2011). That is true, but this is not a resentencing.

_____
RICHARD SEEBORG
Chief United States District Judge