UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>ANTOINE FOWLER,<br>  Defendant. | Case No. 17-cr-00180-RS-2<br><br>**ORDER DENYING REDUCTION OF SENTENCE** |

## I. INTRODUCTION

Defendant Antoine Fowler moves for a reduction in his sentence. Fowler has a lengthy criminal history, and is currently incarcerated for being a felon in possession of a gun. Fowler brings his motion because his sisters are temporarily unable to care for his 2-year-old son. While this may qualify as an extraordinary and compelling reason permitting relief in some cases, analysis of the factors which must be considered under 18 U.S.C. § 3553(a) counsel that Fowler should not be released early. For the reasons further set out below, Fowler's motion is denied.

## II. BACKGROUND

For his most recent conviction, Fowler was sentenced to a below-guidelines term of 30 months of imprisonment and three years of supervised release. He began his term on March 19, 2021. His release date is May 23, 2023, but with anticipated good time credit he may go to a halfway house as soon as October 2022. Six months ago Fowler made a motion for early release arguing he was at increased risk of contracting covid and had been rehabilitated; that motion was denied.

Fowler's current motion is made on the basis that he needs to care for his 2-year-old son, "A," who is on the autism spectrum. The child was previously cared for by Fowler's two sisters, but because of surgery and a random shooting, neither can serve as a full-time caregiver, at least until September.

### III. LEGAL STANDARD

A sentence can be reduced under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the factors set forth in section 18 U.S.C. § 3553(a), there are extraordinary and compelling reasons which warrant a reduction. *See, e.g.*, *United States v. Reid*, No. 17-cr-00175-CRB-1, 2020 WL 2128855, at *1–2 (N.D. Cal. May 5, 2020). Defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release to be granted. *See United States v. Shabudin*, No. 11-CR-00664-JSW-1, Dkt. 571 (N.D. Cal. May 12, 2020). The § 3553(a) factors that must be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further crimes of the defendant[.]"

### IV. DISCUSSION

Fowler argues release should be granted because the Sentencing Commission has issued a policy statement clarifying that the "incapacitation of the caregiver of the defendant's minor child" can count as an "extraordinary and compelling" reason permitting release. U.S.S.G. § 1B1.13, comment n. 1(c); 18 U.S.C. § 3582(c)(1)(A)(i). However, this policy statement is not binding when a defendant brings a motion, as Fowler recognizes; still, it helps provide guideposts for when release is appropriate. *United States v. Aruda*, 993 F.3d 797, 799-802 (9th Cir. 2021); *United States v. Rekhi*, No. 19-CR-00180 CRB, 2021 WL 411376, at *3 (N.D. Cal. Feb. 4, 2021). The government concedes Fowler has met the requirements of administrative exhaustion.

The government takes no position on whether Fowler's difficult family circumstances present an extraordinary and compelling reason permitting relief. In its view, it is unclear whether he has met his burden, because, for example, it is unclear why Fowler's sister who was shot could

not take care of the child in Texas until the other sister recovers in September, or why the mother of Fowler's other children could not assist with this child on a temporary basis. Fowler convincingly responds that his sisters already are stretched to their limits in every relevant way. This is particularly true because the child is on the autism spectrum and requires extra care, especially after a transition.

However, the government still argues release is inappropriate because the factors that must be considered under 18 U.S.C. § 3553(a) do not favor release: Fowler is a danger to the community and has served less than half of his sentence. Specifically, the government highlights that Fowler has a high risk of recidivism under the Bureau of Prisons' "PATTERN" risk assessment tool, in large part because of his lengthy criminal history. The government also argues Fowler has been disciplined for using a contraband phone in prison, which does not augur well for his ability to not reoffend once released. Fowler responds that he is not a danger to the community. For support, he points out he did not commit further crimes while out on bond between 2017 and 2021, and that being the sole caregiver for his child will motivate him to stay out of trouble. He argues the PATTERN risk assessment does not account for his inability to participate in programming which would lower his assessed risk (the programming is unavailable because of the pandemic). Finally, he attests that he did not use a contraband phone, noting that the only evidence against him was that a recording of an illicit call contained a voice that sounded like his.

Whatever the merits of Fowler's arguments about his family circumstances, release is inappropriate under § 3553(a), so Fowler's motion is denied. *See, e.g.*, *Reid*, 2020 WL 2128855, at *1–2. First, Fowler's behavior while out on bond was not as exemplary as he makes it out to be. The docket is littered with bail review hearings for violations, including drug use and not showing up for treatment and hearings. True, Fowler eventually compiled a fairly long streak of good behavior while out on bond. Yet Fowler is not so far removed from his history as a violent offender, with multiple firearms convictions, as to ensure that he will not be a threat once released. Fowler still poses at least some risk to the community.

The other § 3553(a) also counsel against early release. Reducing Fowler's sentence will

ORDER DENYING MOTION FOR SENTENCE REDUCTION
CASE NO. 17-cr-00180-RS-2
3

reduce deterrence, respect for the law, and just punishment. Previously, Fowler has been undeterred by long prison sentences: the events leading to his current conviction occurred during a 12-year sentence in state custody, of which he served only half. Specific deterrence would be undermined by releasing him less than halfway through this sentence, and the shorter sentence would not be just punishment for his serious crime. Granting his motion would also negatively impact general deterrence. Although Fowler's difficult family circumstances do provide some support for release, nearly every instance of incarceration imposes severe disruptions on defendants' families. While hardship befalling an innocent child is deeply regrettable, it cannot override the reasons for incarceration in every case. To do so would diminish respect for the law.

## V. CONCLUSION

Ultimately, although Fowler's family circumstances might have been enough to justify release for another offender, the § 3553(a) factors require that Fowler continue serving his term of incarceration. Fowler's motion is denied.

**IT IS SO ORDERED**.

Dated: May 19, 2022

RICHARD SEEBORG
Chief United States District Judge